IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 07-0025 LJO |
| Plaintiff-Appellee, | **DECISION ON APPEAL OF CRIMINAL CONVICTION** |
| vs. | (Docs. 1, 9, 15, 18.) |
| STEVEN PHILHART, | |
| Defendant-Appellant. | |

## INTRODUCTION

Plaintiff-appellant Steven Philhart ("Mr. Philhart") seeks to reverse his conviction for operation of a vessel in a prohibited area on grounds that plaintiff-appellee United States of America ("Government") failed to establish elements of the violation. For the reasons discussed below, this Court AFFIRMS the magistrate judge's decision and DENIES Mr. Philhart's request to reverse his conviction.

## BACKGROUND

### Mr. Philhart's Boating On Pine Flat Lake

During the late afternoon of June 16, 2006, Rangers Teresa Hershey ("Ranger Hershey") and Freddie Arias ("Ranger Arias") of the U.S. Army Corps of Engineers spotted a boat registered to Mr. Philhart in a posted prohibited area of Pine Flat Lake. The prohibited area was marked by three buoys with "Keep Out" signs near the Island Park Campground. In response to Ranger Arias's oral warning,

1

Mr. Philhart moved his boat from prohibited area.

On June 17, 2006, Rangers Hershey and Arias observed several vessels in the prohibited area near the Island Park Campground. Mr. Philhart had "walked" his boat into the prohibited area after lifting its motor out of the water. Ranger Arias cited Mr. Philhart for violation of subsection (c) of 36 C.F.R. § 327.3 ("section 327.3")), which provides:

> Vessels or other watercraft may be **operated** on the project waters, **except in prohibited or restricted areas**, in accordance with posted regulations and restrictions, including buoys. All vessels or watercraft so required by applicable Federal, state and local laws shall display an appropriate registration on board whenever the vessel is on project waters. (Bold added.)

### Mr. Philhart's Conviction

On January 24, 2007, United States Magistrate Judge Sandra Snyder ("Judge Snyder") conducted a court trial. At the close of the Government's case, Mr. Philhart made an oral F.R.Crim.P. 29 motion for judgment of acquittal on grounds that the Government had not established that Mr. Philhart had "operated" his vessel to invoke section 327.3(c). Judge Snyder denied the motion, found Mr. Philhart guilty of violation of section 327.3(c), and imposed a $85 fine.

Mr. Philhart challenges his conviction in the absence of evidence that he "operated" his boat in the prohibited area.

## DISCUSSION

### Standard Of Review

"Ordinarily in reviewing sufficiency of the evidence claims, we review for 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Atkinson*, 990 F.2d 501, 502 (9th Cir. 1993) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). As such, this Court will proceed with a de novo review under such standard. *See United States v. Jiang*, 476 F.3d 1026, 1029 (9th Cir. 2007).

### Common Meaning

Mr. Philhart urges this Court to apply a "common meaning" to "operated" as used in section 327.3(c). Mr. Philhart points to "operate" definitions, including "to perform work: function," "to produce an effect," "to put or keep in operation," and "to control the functioning of." Mr. Philhart

argues that applying such definitions, Mr. Philhart could not have "operated" his boat in that he "was not in the vessel at the time he entered the restricted area" and thus his boat "could not have been running." Mr. Philhart points to the absence of evidence that he "was sitting in the boat and using it's [sic] controls to steer the vessel while it was in the restricted area." Mr. Philhart concludes that the evidence is limited to his walking his boat into the prohibited area.

The Government responds that Mr. Philhart, as his boat's owner, is presumed to have operated it to subject him to citation under 36 C.F.R. § 327.1(h), which provides:

> For the purposes of this part 327, the operator of any vehicle, vessel or aircraft as described in this part, shall be presumed to be responsible for its use on project property. In the event where an operator cannot be determined, the owner of the vehicle, vessel, or aircraft, whether attended or unattended, will be presumed responsible. Unless proven otherwise, such presumption will be sufficient to issue a citation for the violation of regulations applicable to the use of such vehicle, vessel or aircraft as provided for in § 327.25.

The Government points to section 327.3(a)'s definition of vessels, which includes "powerboats, cruisers, houseboats, sailboats, rowboats, canoes, kayaks, personal watercraft, and any other such equipment capable of navigation on water, whether in motion or at rest." The Government argues that since section 327.3(a) includes non-motorized rowboats, canoes and kayaks, a vessel need not be motorized to "operate" under section 327.3. The Government concludes that "[p]ropelling the vessel through the water by pushing or pulling it would be sufficient."

The parties agree that the issue before this Court is whether there is sufficient evidence that Mr. Philhart "operated" his boat in the prohibited area. The gist of Mr. Philhart's position is that he did not operate his boat because he did not engage its motor in the prohibited area and merely had placed, anchored or moored his boat in the prohibited area. The essence of the Government's position is that Mr. Philhart operated his boat by floating it into the prohibited area and leaving it there.

Of key importance, is the presence of Mr. Philhart's in a prohibited area for an extended time. There is no dispute that his boat was in a prohibited area on June 17, 2006 when the rangers observed it. The intent of the "Keep Out" prohibited area was to exclude the presence of boats despite whether they were walked or motored into the area. Under Mr. Philhart's analysis, any boat owner and as many boat owners as possible could moor or store boats in the marked prohibited area as long as they did not motor into the prohibited area. Section 327.3(c) merely allows vessels or watercraft to operate in waters

which are not prohibited or restricted. It does not allow boaters to place boats in prohibited or restricted areas. Moreover, section 327.3(h) permits mooring or storing only in "approved" areas, otherwise vessels not in use must be removed. Mr. Philhart cannot claim intelligently that a prohibited area is an approved designated area to moor or store his boat. Mr. Philhart's interpretations of various section 327.3 subsections is unavailing. At bottom, Mr. Philhart's boat was illegally present in the prohibited area and by his own admission, he maneuvered and operated it into the prohibited area to satisfy elements of a section 327.3(c) violation.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. AFFIRMS Judge Sandra Snyder's decision;
2. DENIES Mr. Philhart's request to reverse his conviction; and
3. DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   March 19, 2009**          /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE